The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Young. The appealing party has shown good ground to reconsider the evidence. The Full Commission reverses the Deputy Commissioner's Opinion and Award and enters the following Opinion and Award.
 *************
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing before the Deputy Commissioner as:
 STIPULATIONS
1. The parties are subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. An employment relationship existed between plaintiff and defendant-employer at all relevant times herein.
3. The Firemen's Fund is the carrier on the risk.
4. An Industrial Commission Form 22 will determine plaintiff's average weekly wage.
5. Plaintiff sustained an injury and began missing work due to his injury on or about 3 July 1996.
 *************
The Full Commission rejects the findings of fact found by the Deputy Commissioner and finds as follows:
 FINDINGS OF FACT
1. At the time of the hearing before the Deputy Commissioner, plaintiff was a married, twenty-six year old male, and a high school graduate. On 3 July 1996, plaintiff's average weekly wage was $240.00, yielding a weekly compensation rate of $160.01.
2. Plaintiff began working for defendant-employer in late January 1996 as a security guard. Plaintiff earned $5.00 per hour and worked forty or more hours per week. There was no written employment contract between plaintiff and defendant-employer.
3. Plaintiff did not own an automobile and his employment with defendant-employer was contingent upon defendant-employer supplying a vehicle with which to carry out the assigned job duties. Defendant-employer supplied plaintiff with an automobile personally owned by the owner of the business, Tony Fernandez. Defendant-employer carried and paid for liability insurance on the automobile, and made all necessary repairs. Plaintiff used the automobile to travel to and from work and make security rounds in furtherance of defendant-employer's business.
4. By express agreement defendant-employer agreed to plaintiff's request that defendant-employer provide him with an automobile as a condition of the employment. Although plaintiff was allowed to use the vehicle during his off-duty hours, the primary purpose for which plaintiff was supplied the automobile was to conduct his job duties for defendant-employer.
5. At defendant-employer's instructions, plaintiff's job duties included servicing approximately five accounts. Plaintiff was not required to clock in or sign in at the beginning of his shift, but would begin his shift by driving to the clients' premises, inspecting the clients' doors and windows, and leaving a checklist documenting that the inspection had been completed. After making the security rounds, plaintiff would travel to a fixed location where he spent approximately five hours, then repeat the rounds to clients' premises prior to completing his shift.
6. Defendant-employer benefited by providing plaintiff with an automobile incident to his employment because plaintiff's job duties required that he travel to and from the patrol sites before and after arriving at his primary work destination.
7. The first client whose premises plaintiff was instructed to inspect each night was Bridges Sons Trucking Company. On 3 July 1996, plaintiff drove to Bridges Sons in the car supplied by defendant-employer. As he was entering the intersection directly across from the client's site, he was struck by another vehicle. As a result of the accident, plaintiff sustained injuries including a crushed cheek, a broken rib, a broken pelvis, and a shattered knee.
8. Plaintiff's injuries arose out of and in the course of his employment while conducting activities at the direction of and in furtherance of defendant-employer's business. Plaintiff's job entailed travel away from defendant-employer's premises, and he was within the course of his employment during the trip to Bridges Sons. Plaintiff's use of defendant-employer's vehicle was not gratuitous, but necessary to perform the job duties assigned at the time of the accident.
 *************
Based upon the findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. The injuries sustained by plaintiff in the accident which occurred on 3 July 1996, arose out of and in the course of his employment with defendant-employer that included the attendant risks of travel while performing the job duties assigned. N.C. Gen. Stat. § 97-2(6); Battle v. Bryant Elec. Co., 15 N.C. App. 246,189 S.E.2d 788, cert. denied, 281 N.C. 755, 191 S.E.2d 353 (1972).
2. As a result of his compensable injuries, plaintiff was temporary totally disabled and entitled to weekly compensation benefits at a rate of $160.01, commencing 3 July 1996, through the present and continuing until plaintiff returns to work or until further order of the Commission. N.C. Gen. Stat. § 97-29.
3. Plaintiff is entitled to payment of all past and future medical expenses reasonably necessary to effect a cure, give relief, or lessen any period of disability resulting from the injuries sustained in his 3 July 1996 accident. N.C. Gen. Stat. § 97-25.
 *************
Based upon the foregoing findings of fact and conclusions of law, the Full Commission reverses the holding of the Deputy Commissioner and enters the following:
 AWARD
1. Defendants shall pay temporary total disability in the weekly amount of $160.01 beginning 3 July 1996 and continuing until plaintiff returns to work at his pre-injury wages or until further order of the Commission. The amount accrued to this date shall be pain in a lump sum, with subsequent payments being made weekly. Both awards shall be subject to attorney's fees as discussed below.
2. Defendants shall pay all past and future medical expenses related to the compensable injury.
3. Plaintiff's counsel is entitled to a reasonable attorney's fee of twenty-five percent. Accordingly, plaintiff's counsel shall receive twenty-five percent of the lump sum paid pursuant to paragraph 1 above. Thereafter, every fourth payment in weekly compensation shall be paid directly to plaintiff's counsel.
4. Defendants shall pay the costs of this action.
 ************* ORDER
1. The parties shall confer to determine the extent of plaintiff's entitlement to compensation as the result of the compensable accident.
2. In the event the parties are unable to agree regarding plaintiff's entitlement to compensation as a result of his compensable injuries, the issue shall be ordered to mediation upon notification to the Commission of the impasse.
 S/ ________________________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
S/ ______________________ THOMAS J. BOLCH COMMISSIONER
S/ ______________________ RENÉE C. RIGGSBEE COMMISSIONER